# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **AFUM KORANTENG,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: **4:12-cv-2452-RBP-PWG** |
| ) | |
| **ERIC H. HOLDER, JR., et al.,** ) | |
| ) | |
| Respondents. ) | |
| ) | |

## MEMORANDUM OPINION

This case is before the court on Respondents' Motion to Dismiss as Moot (Doc. # 7), filed March 1, 2013. In their motion, Respondents note that Petitioner was released from ICE custody on October 1, 2012, pursuant to an Order of Supervision. (Doc. # 7-1). Respondents argue that, because Petitioner has been released on an Order of Supervision, this case is due to be dismissed as moot.

On July 13, 2012, Petitioner filed a petition for writ of habeas corpus seeking to be released from custody pending his removal to Ghana. (Doc. # 1). Because Petitioner has been released on an Order of Supervision, his petition seeking that very relief is moot. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir.2003) ("a case must be dismissed as moot if the court can no longer provide 'meaningful relief'"); *see also Spencer v. Kemna*, 523 U.S. 1, 8 (1998) (once a habeas petitioner is released from custody, he must demonstrate collateral consequences to avoid mootness doctrine). Accordingly, this matter is due to be dismissed. *Khader v. Holder*, 843 F. Supp. 2d 1202 (N.D. Ala. 2011).

A separate order will be entered.

DONE this 4th day of November, 2013

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**